STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT, V.
WILLIAM F. PAPKE, APPELLANT AND CROSS-APPELLEE.

480 N.W.2d 209

Filed February 21, 1992.    No. S-91-193.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

In the county court for Douglas County, defendant, William F. Papke, pled no contest to a city complaint charging him with assault and battery. After a presentence investigation, the county court sentenced defendant to probation. The general probation terms required, among other things, that defendant "[m]aintain gainful employment or attend school," abstain from alcoholic beverages and narcotics, and pay a fine of $200.

Additional special conditions of probation were added as follows:

1. The defendant shall be required to obtain alcohol evaluation at an accredited agency within the first 30 days of this probationary period, shall be required to promptly follow all recommendations including any recommended treatment, counseling, educational classes, AA meetings or aftercare meetings . . . .

2. The defendant shall be required to continue participation in Spouse Abuse of the YWCA . . . .

3. As a term and condition of probation the defendant shall be required to serve 60 days in the Douglas County Corrections Center to be served immediately.

4. As a term and condition of probation the defendant shall be required to serve 30 days in the Douglas County Corrections Center beginning 2-7-91.

5. Pay restitution to the victim.

In addition, at the time of sentencing, the court stated, "I don't want house arrest or work release. I want him to serve the time in the Correction Center." Those restrictions are not included in the written probation order.

Defendant appealed to the district court, contending the county court erred "in ordering a probation which by the court's denial of work release and house arrest was impossible and impreeticable [sic] for the defendant to complete." The district court affirmed the conviction and sentence of the county court, but recommended "approval for work release or house arrest if screening Committee at DCDC [apparently the Douglas County Corrections Center] gives favorable report."

Defendant then appealed to this court, assigning as error only the action of the district court "in affirming the sentence of the Douglas County Court since the record demonstrates that the sentence was arbitrary and capricious." Appellee State of Nebraska has cross-appealed, assigning as error the action of the district court in modifying defendant's sentence to permit the 60-day jail term to be served with work release and/or house arrest.

The record before us shows the following: On June 11, 1990, in Douglas County Court, defendant pled not guilty to a city complaint charging him with assault and battery alleged to have been committed on May 1, 1990. On July 27, 1990, defendant appeared with counsel and pled no contest to the charge. He had previously been advised of his rights at arraignment when he pled not guilty. Defendant makes no complaint as to the procedure followed, so the matter is before us on the sentencing issue only.

The county court accepted defendant's plea and ordered a presentence investigation. The report showed that the defendant and the victim were not married, but had lived together for 11 years. Defendant's statement to the probation officer was that prior to the incident he played golf in the "Swing for the Retarded" outing, came home about midnight,

and discovered his roommate was not home. He searched for her and found her car at a bar. There, he was told that his roommate had been in the bar, was very drunk, and had left with another man. Defendant continued to look for her, returned to their residence about 4 a.m., and found she had returned. A shouting match and fight ensued. The police were called, and they took the victim to the hospital. The police report shows the victim had "black eyes" and a "possible fracture[d] nose." There is nothing further in the report concerning the injuries.

The sentence is too contradictory to be enforced. The county court has ordered that defendant spend 60 days in jail, to be served "immediately," and then has ordered that defendant obtain an evaluation and "promptly" follow all recommendations, including attendance at educational classes or AA meetings "within the first 30 days." The county court, at the time of sentencing, denied work release or house arrest. The court also fined defendant $200, provided for an additional 30 days in jail beginning February 7, 1991, and ordered defendant to "[p]ay restitution to the victim." There is nothing to show what amount constitutes restitution.

Defendant is 43 years old and has, in effect, no prior record. The presentence investigation report states, "The defendant's prior record dates back to 1979 when he was charged with Assault and Battery." The more correct way to state defendant's record would be that in 1979, defendant was charged with assault and battery, and the charge was dismissed 8 days later. Defendant had two $10 traffic tickets in 1986 and a $15 ticket in 1990. Defendant had no other record until this charge. Defendant drinks, but works. His girl friend also drinks.

We find that defendant's assignment of error has merit and that the cross-appeal of the State is without merit. We affirm the judgment of conviction, but determine that the trial court erred in imposing probation conditions which were confusing and impossible for defendant to perform and which constitute a sentence in excess of the trial court's discretion. We remand the cause to the district court for remand to the county court, where we direct a sentence of 30 days in the county jail be imposed, together with court costs.

No restitution is ordered because there is nothing in the record indicating any amounts. Defendant, of course, may be liable for the damages he has inflicted but, in the absence of any proof as to the amount of damages in this case, those damages must be determined in a different proceeding.

REVERSED AND REMANDED WITH DIRECTIONS.